IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PARENT 1 MOTHER et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PARK CITY SCHOOL DISTRICT et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION [ECF 88] TO DISMISS PLAINTIFFS' CLAIMS WITH PREJUDICE**<br><br>Case No. 2:22-cv-00444-DAK-JCB<br><br>Judge Dale A. Kimball<br>Magistrate Jared C. Bennett |

This matter is before the court on Defendants Park City School District and Board of Education of Park City School District's (collectively "the District") Motion for Summary Judgment.[1] On March 12, 2025, the court held a hearing on the motion. The District was represented by Bradley R. Blackham and Greg Hewitt, and Plaintiffs were represented by Amy Martz. The court took the matter under advisement. The court has carefully considered the memorandum and other materials submitted by the parties, as well as the law and facts related to the motion. Now being fully advised, the court issues the following Memorandum Decision and Order.

---

[1] The District's motion was filed as a motion for summary judgment under Fed. R. Civ. P. 56. At the hearing on the motion, the District clarified that it was seeking dismissal of Plaintiffs' action under Fed. R. Civ. P. 37(c) and 41(b). Accordingly, the court considers the motion as seeking dismissal with prejudice pursuant to Rules 37 and 41 as opposed to a Rule 56 motion for summary judgment.

## BACKGROUND

### 1. Factual Background

Parent 1 Mother and Parent 2 Father's child, John Doe, attended Park City School District at various times throughout his elementary school years.[2] Plaintiffs allege that Doe did not receive proper special education services from the District and that the District failed to protect Doe from disability-related bullying, which led to Doe developing or exasperating several disabilities.[3] Plaintiffs also allege that the District failed to properly respond to Parent 1 Mother's reports that the principal of Doe's school had sexually assaulted Doe.[4]

### 2. Procedural History

This lawsuit began in the administrative setting when Plaintiffs claimed that Doe was not receiving a "free appropriate public education" (FAPE) under the Individuals with Disabilities Education Act (IDEA).[5] Plaintiffs asserted this FAPE claim in a due process hearing.[6] After a hearing, the administrative hearing officer determined the District did not violate the IDEA and the child was not deprived of FAPE.[7]

---

[2] ECF 36, Amended Complaint ¶¶ 19, 22.
[3] *Id.* ¶¶ 21–23, 28–33.
[4] *Id.* ¶¶ 23–26.
[5] ECF 36-5, Memorandum Decision Including Findings of Facts and Conclusions of Law and Order.
[6] *Id.*
[7] *Id.*

Plaintiffs sought de novo review with this court in a complaint filed on July 5, 2022.[8] In this lawsuit, Plaintiffs brought causes of action against the District, Utah Division of Child and Family Services, and a number of individually named defendants.[9] The defendants all filed motions to dismiss. After a hearing, the court issued a ruling from the bench dismissing Plaintiffs' complaint without prejudice for failure to comply with Rule 8 of the Federal Rules of Civil Procedure but allowed Plaintiffs to file an amended complaint.[10]

On March 26, 2023, Plaintiffs refiled a complaint against all the same defendants.[11] The defendants again moved to dismiss Plaintiffs' claims. The District filed a partial motion to dismiss.[12] On July 13, 2023, the court held a hearing on the defendants' motions to dismiss.[13] Neither Plaintiffs' counsel nor Plaintiffs themselves attended this hearing. The court clerk attempted to contact Plaintiffs' counsel but "got[] no response."[14] The court "grant[ed] the motions as filed because of the failure to appear on the part of the plaintiff[s]," but noted that the court "will be glad to hear" if Plaintiffs had any "justification for [the] failure to appear."[15]

---

[8] ECF 2, Complaint.
[9] *Id.*
[10] ECF 34, Minute Entry; ECF 35, Order Granting Motion to Dismiss.
[11] ECF 36, Amended Complaint.
[12] ECF 42, District's Partial Motion to Dismiss.
[13] ECF 56, Minute Entry.
[14] *Id.*
[15] *Id.*

The next day, July 14, the court entered an order granting the District's partial motion to dismiss, as well as the other defendants' motions to dismiss, noting that "[c]ounsel for Plaintiffs did not appear at the scheduled hearing and did not respond to calls or email from the Court Clerk."[16] The court and defendants did not hear anything regarding the missed hearing or dismissal until August 2, 2023, when Parent 1 Mother emailed the court, stating she just recently learned that her case had been dismissed.[17]

On August 3, 2023, Plaintiffs filed a motion for relief asking the court to set aside its prior orders dismissing Plaintiffs' claims.[18] After briefing and a hearing, the court declined to set aside its previous dismissal orders.[19] In its order denying Plaintiffs' motion for relief, the court found that Plaintiffs' counsel prioritized a pre-planned vacation over her duties to her clients and the court and that such action did not amount to justifiable reason for delay. The court also noted that Plaintiffs' counsel's "disregard of the hearing and her duty to contact the court, opposing counsel, and her clients demonstrates, at best, a cavalier approach to litigation. Whether it amounts to an 'intentional flouting or disregard of the court and its procedures' that can be characterized as bad faith is open to debate."[20]

---

[16] ECF 59, Order Granting Motions to Dismiss.
[17] ECF 68, Order Denying Plaintiffs' Motion for Relief.
[18] ECF 60, Motion for Relief.
[19] ECF 67, Minute Entry; ECF 68, Order Denying Plaintiffs' Motion for Relief.
[20] ECF 68, Order Denying Plaintiffs' Motion for Relief (quoting *Giles v. Saint Luke's Northland-Smithville*, 908 F.3d 365, 369 (8th Cir. 2018).

Since the District submitted only a partial motion to dismiss, Plaintiffs had remaining claims against the District, including claims brought under the IDEA, Section 504 of the Rehabilitation Act, the Americans with Disabilities Education Act, and Title IX deliberate indifference.[21] The District filed an Answer for these remaining claims on August 4, 2023.[22]

On November 30, 2023, the parties stipulated to a scheduling order that set initial disclosures for both parties due January 8, 2024, and completion of fact discovery April 8, 2024.[23] The District complied with the scheduling order and served its initial disclosures on Plaintiff on January 8, 2024.[24] Plaintiffs did not provide the District their initial disclosures.[25]

In addition to failing to provide initial disclosures, Plaintiffs were largely remiss in complying with other aspects of discovery, moving their case along, and cooperating with opposing counsel. In February 2024, the District emailed Authorizations to Release Medical Records for Plaintiffs to sign in an effort to obtain information from treating mental health providers regarding Plaintiffs' claims. Despite Plaintiffs' counsel assuring the District's counsel that the releases would be signed, notarized, and returned, the District did not receive the signed releases.[26] During depositions in that same month, the

---

[21] *Id.* at 2–3.
[22] ECF 61, Answer to Amended Complaint.
[23] ECF 79, Scheduling Order.
[24] ECF 88-1, 1/8/24 Bueno email.
[25] ECF 88-2, 2/21/24 Blackham email.
[26] ECF 88-3, 2/5/24 Bueno email.

District's counsel reminded Plaintiffs' counsel that the District had not yet received signed authorizations releasing medical records. Plaintiffs never returned signed releases to the District.[27]

Also in February 2024, the District's counsel sent an email to Plaintiffs' counsel requesting Plaintiffs' initial disclosures so that the District could determine Plaintiffs' damages and identify treating providers and potential witnesses.[28] After not receiving any response, the District served written discovery requests upon Plaintiffs that requested, in large part, information that was supposed to be provided through initial disclosures. Plaintiffs did not timely respond to the written discovery requests.[29]

In March 2024, the District's counsel sent another email to Plaintiffs' counsel again requesting initial disclosures identifying treating providers who support Plaintiffs' medical and mental health claims and providing other supporting documentation regarding Plaintiffs' claimed damages. In this email, the District's counsel requested that Plaintiffs stipulate to a motion to extend the current fact discovery deadline on account of the lack of initial disclosures by Plaintiffs and their failure to provide signed authorizations for the release of medical records. Plaintiffs did not respond to that email.[30]

---

[27] ECF 88-4, 3/1/24 Blackham email.
[28] ECF 88-2, 2/21/24 Blackham email.
[29] ECF 88-5, 2/29/24 Bueno email.
[30] ECF 88-4, 3/1/24 Blackham email.

After still not receiving any initial disclosures or discovery responses from Plaintiffs, the District moved to extend discovery based on the Plaintiffs' failure to comply with its discovery obligations, mainly its obligation to provide initial disclosures.[31] Plaintiffs did not respond to the District's motion to extend discovery. The court granted this motion, extending the close of fact discovery by four months to August 6, 2024.[32]

At the same time the District moved for the extension of fact discovery, the District also moved for a modified protected order. Plaintiffs' counsel had previously agreed that this protective order was necessary for the case but stopped responding to the District's emails. Plaintiff did not respond to this motion either, and the court later granted it.[33]

On August 6, 2024, fact discovery closed, and Plaintiffs had still not provided initial disclosures. Nor had Plaintiffs answered the District's written discovery requests. On September 9, 2024, the District moved to stay expert discovery pending the District's motion for summary judgment.[34] Plaintiffs, again, never responded, and on September 25, 2024, the court granted that motion.[35]

---

[31] ECF 82, Motion to Extend Discovery.
[32] ECF 85, Amended Scheduling Order.
[33] ECF 81, Motion for Modified Protective Order; ECF 84, Order Granting Motion for Modified Protective Order.
[34] ECF 86, Motion for Amended Scheduling Order.
[35] ECF 87, Order Granting Motion for Amended Scheduling Order.

## DISCUSSION

The District seeks dismissal of Plaintiffs' remaining claims pursuant to Federal Rules of Civil Procedure 37(c) and 41(b) because of Plaintiffs' failure to provide initial disclosures, advance their litigation, and otherwise comply with discovery obligations.

### I.   Rule 37(c) Sanction.

Under Rule 37(c)(1) of the Federal Rules of Civil Procedure, a party who violates its initial and supplemental disclosure obligations under Rule 26(a) or (e) is not allowed to use that information at trial unless the failure was substantially justified or harmless. In addition to, or in place of this sanction, Rule 37(c)(1)(C) also allows a court to impose other sanctions, including dismissal of the action. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). Where an exclusion of evidence carries the force and effect of dismissal, courts should consider several factors before imposing dismissal as a sanction, generally known as the *Ehrenhaus* factors. *See HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1203 (10th Cir. 2017)). These factors include "(1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for its noncompliance; and (5) the efficacy of lesser sanctions." *Id.* (cleaned up). When examining these factors, a court should "carefully explore and consider the efficacy of less drastic alternatives, ordinarily reserving the extreme sanction of dismissal for cases involving bad faith or willfulness or instances where less severe sanctions would obviously prove futile." *Id.* at 1206.

The facts of this case are very similar to those in *Burgi v. Fitness*, No. 2:19-CV-00151-CMR, 2021 WL 734948 (D. Utah Feb. 25, 2021) (unpublished). In *Burgi*, the defendant asked the court to dismiss the plaintiff's gender discrimination and retaliation claims under Rule 37(c) after the plaintiff failed to provide initial disclosures, despite the defendant asking for the disclosures by email. *Id.* at *1. In applying the *Ehrenhaus* factors, the court determined that the plaintiff's actions prejudiced the defendant and interfered with the judicial process by causing unnecessary delay and forcing the defendant to incur pointless attorney fees. *Id*. at *3–4. The plaintiff was culpable for this neglect because she had previously failed to comply with other court orders, did not timely prosecute her case, and showed "a pattern of reckless disregard for the disclosure obligations under Rule 26." *Id*. at *4–6. The court's previous warning of dismissal for not prosecuting her claims served as an adequate warning. *Id.* at *6. And the court found that lesser sanctions would not be effective given the court's previous warning and the defendant's email reminder to the plaintiff of her disclosure obligations. *Id.* Because the *Ehrenhaus* factors weighed in favor of the defendant, the court dismissed the claims with prejudice. *Id.* at *7; *see also Park Cityz Realty, LLC v. Archos Cap., LLC*, No. 2:20-CV-00522-JCB, 2021 WL 4991717, at *1 (D. Utah Oct. 27, 2021) (dismissing the plaintiff's claims for failing to provide a specific computation of damages as required under Rule 26(a) and (e)).

Here, each *Ehrenhaus* factor similarly favors dismissal of Plaintiffs' remaining claims. First, Plaintiffs' conduct has caused actual prejudice to the District. "Courts have

9

found prejudice where a party's conduct causes 'substantial delays in the final resolution of the substantive claims.'" *Burgi*, 2021 WL 734948, at *3 (quoting *Xyngular Corporation v. Schenkel*, 200 F. Supp. 3d 1273, 1321 (D. Utah 2016)); *Ehrenhaus*, 965 F.2d at 921 (noting that actual prejudice exists from "causing delay and mounting attorney's fees"); *Taylor v. Dist. of Colorado Safeway, Inc.*, 116 F. App'x 976, 978 (10th Cir. 2004) (unpublished) ("The defendant was obviously and substantially prejudiced by [the plaintiff]'s failure to comply with even the basic disclosures of Rule 26(a)(1) . . . ."). This case has been pending in this court for over two and a half years. A substantial amount of this time stems from Plaintiffs' failure to file a complaint that complies with Rule 8, failure to appear at a hearing, and failure to move their case forward. At the time the District filed this motion, Plaintiffs' initial disclosures had been past-due for approximately eleven months. The District incurred substantial attorney fees requesting initial disclosure material through emails and written discovery requests, filing a motion to extend fact discovery, filing a motion to stay expert discovery, monitoring an otherwise stalled case, filing the instant motion for sanctions, and preparing for and attending the hearing on the motion for sanctions.

This court agrees with the District that if the case continues, fact discovery will need to re-open and essentially restart so the District can investigate Plaintiffs' claims for damages and identified witnesses and evidence. Such a long and completely unnecessary delay causes actual prejudice to the District. *See Burgi*, 2021 WL 734948, at *3 (noting that a nearly year-long delay in providing initial disclosures caused substantial delays in

the case amounting to actual prejudice); *QSG, Inc. v. Schlittler*, No. 2:11-CV-871-TC, 2014 WL 5742656, at *4 (D. Utah Nov. 5, 2014) (unpublished) (finding a substantial delay amounting to actual prejudice where it had been three years since the filing of the case and the case had not proceeded past discovery in large part because of the plaintiff's neglect).

During this time, Plaintiffs' allegations of disability and gender discrimination remain pending against the District and its employees. These "[s]erious and stigmatizing allegations . . . damage[] the reputation of those accused so long as the lawsuit remains pending." *Ehrenhaus*, 965 F.2d at 921. Moreover, as the case remains stalled, memories fade of the incidents from many years ago, employees retire, and it becomes much more difficult for the District to defend against the allegations. *See Burgi*, 2021 WL 734948, at *3 (noting that the defendant was prejudiced in part because "potential witnesses are now unavailable or difficult to reach"). The District has noted that an important witness in the case—the former superintendent of Park City School District—has already changed positions and moved to a different state.[36] For these reasons, the District is prejudiced by Plaintiffs' failure to provide initial disclosures, and this factor favors dismissal.

Second, there was significant interference with the judicial process. "A party interferes with the judicial process when it fails to abide by discovery orders."

---

[36] *See* Carmen Nesbitt, *A month after announcing retirement, Utah's highest-paid superintendent accepts job in Colorado*, The Salt Lake Tribune (Oct. 30, 2024), https://www.sltrib.com/news/education/2024/10/30/retiring-park-city-superintendent/. This witness played a significant role in the administrative due process hearing and is a key witness in Plaintiffs' Title IX claims.

11

*Celtig v. Patey*, No. 217CV01086-JNP-EJF, 2019 WL 4563887, at *6 (D. Utah Aug. 19, 2019) (unpublished), *report and recommendation adopted*, 2019 WL 4563648 (D. Utah Sept. 19, 2019) (citing *Jones v. Thompson*, 996 F.2d 261, 265 (10th Cir. 1993)). In the instant case, Plaintiffs undoubtedly failed to comply with their discovery obligations. The District provided many requests for initial disclosures, yet Plaintiffs did not respond nor ever provide the disclosures. This behavior "waste[s] judicial resources, delay[s] resolution of this case, and flout[s] the court's authority." *QSG, Inc.*, 2014 WL 5742656, at *4 (finding that such behavior amounts to interference with the judicial process); *see also Ehrenhaus*, 965 F.2d at 921 ("When [the plaintiff] willfully failed to comply with a direct court order, [the plaintiff] flouted the court's authority.").

In *Burgi*, the court held that the plaintiff's "failing to comply with court-ordered deadlines—especially the deadline for initial disclosures," effectively "grinded th[e] case to a halt," which "caused significant interference with the judicial process." *Burgi*, 2021 WL 734948, at *4. For the same reason—failure to provide initial disclosures—this case has been similarly grinded to a halt and wasted the District's and the court's resources. Thus, Plaintiffs have significantly interfered with the judicial process, and this factor favors dismissal.

Third, Plaintiffs are uniquely culpable for the failures. The District timely provided its own disclosures to Plaintiff and complied with its discovery obligations. And the District, on many occasions, asked Plaintiffs to provide disclosures or otherwise pointed out the lack of disclosures. This includes two emails, the District's own timely disclosures,

and a motion and order extending discovery because of the lack of disclosures. Plaintiffs did not respond to these requests and reminders. And Plaintiffs provided no legitimate reason for this failure.

In response to the District's motion, Plaintiffs claimed that the delay was "due [to] a variety of reasons including illness of minor child, difficulty locating an excessive amount of documents requested by Defendant District, demanding work schedules of parents and attorney, etc."[37] But these reasons, lacking of any detail, do not explain the failure to provide initial disclosures throughout the entirety of fact discovery. Had Plaintiffs needed more time, they could have asked the District or the court for an extension. The record does not indicate Plaintiffs ever asked for extensions for their time to provide initial disclosures, respond to discovery requests, or continue fact discovery. At oral argument, Plaintiffs' attorney claimed that the failures were largely due to her inexperience in federal court litigation. However, the failures in this case do not involve complex litigation issues. And Plaintiffs were reminded of their initial disclosure obligations on many occasions.[38]

---

[37] ECF 89, Response to Motion for Summary Judgment ¶ 24.

[38] In Plaintiffs' response, they also argued that initial disclosures were not required in this case because the case stems from an administrative proceeding. Plaintiffs are mistaken. Where Plaintiffs' lawsuit included many additional causes of action separate than their IDEA claim, the scheduling order explicitly stated that initial disclosures were required, and Plaintiffs never raised this argument when the scheduling order was entered, when the District sent numerous requests for initial disclosures, or when discovery was extended because Plaintiffs had not yet provided initial disclosures, it is apparent that initial disclosures were required in this case and that Plaintiffs understood that initial disclosures were required. Moreover, it is insufficient for Plaintiffs to broadly point to an administrative record in lieu of providing initial disclosures.

The court concludes that Plaintiffs' actions here amount to bad faith. "Conduct amounts to bad faith if it shows intentional or reckless disregard of the rules. But actual ill will is not required; substantial and prejudicial obduracy or conduct that delays or disrupts the litigation can be enough. And fault concerns the reasonableness of the conduct—or lack thereof—which eventually culminated in the violation." *Burgi*, 2021 WL 734948, at *5 (quoting *Xyngular*, 200 F. Supp. 3d at 1301–02). Here, Plaintiffs showed a reckless disregard of the rules of discovery by failing to provide any initial disclosures, despite being reminded of its obligations on multiple occasions, and failing to respond to the District's discovery requests. Based on the circumstances of this case, which include many prior warnings and such an excessive delay, this is unreasonable conduct. It is especially unreasonable for a party represented by an attorney. *See id.* at *7 ("This misconduct is even more egregious and deserving of dismissal sanctions as punishment when a party is represented by counsel as in this case."). Like in *Burgi*, where the similar conduct of the plaintiff's "failure to comply with court orders and prosecute her case . . . is enough to show culpable conduct that both delayed and disrupted litigation," the same failures here amount to culpable conduct. *Id.* at *5; *see also QSG, Inc.*, 2014 WL 5742656, at *5 (finding the plaintiff culpable where his behavior "cannot be justified under the circumstances" and "[h]e provides no valid reason . . . for his failure to respond to reasonable discovery requests, failure to respond to motions . . . and failure to obey court orders"). While in *Burgi*, the plaintiff ultimately did provide initial disclosures before the hearing on the motion for sanctions, *id.* at *2, Plaintiffs here never provided

14

initial disclosures, even after the motion was fully briefed and they were well aware of their failure.[39] This factor also favors dismissal.[40]

Fourth, Plaintiffs have already received warning that their claims may be dismissed for failure to follow court rules. When Plaintiffs' counsel failed to show up at a court hearing, the court dismissed many of Plaintiffs' causes of actions against multiple defendants after concluding that Plaintiffs' counsel's actions at that time may have amounted to bad faith and "demonstrates, at best, a cavalier approach to litigation."[41] This Order put Plaintiffs and their counsel on notice that future failure to follow court rules could result in dismissal of claims. *Cf. Burgi*, 2021 WL 734948, at *6 (finding that an order to show cause which "was directed at Plaintiff's failure to comply with the court's" previous order "put Plaintiff on notice that failing to comply with a court order can be grounds for dismissal for failure to prosecute.").

Moreover, Plaintiffs were warned on many occasions that they had not provided Rule 26 disclosures. This includes several emails by the District's counsel, the District's

---

[39] Plaintiffs did provide responses to the District's discovery requests on the same day Plaintiffs responded to the District's Motion for Summary Judgment, some nine months after the requests were due, and four months after the close of fact discovery. After hearing argument from both parties on this topic at oral argument, the court concludes this late disclosure did not cure the prejudice to the District because the discovery responses were deficient and did not provide the information and documents either requested by the District in its discovery requests or required as initial disclosures by Fed. R. Civ. P. 26(a)(1).

[40] The distinction of whether the failure stems from Plaintiffs or Plaintiffs' attorney is immaterial for purposes of the *Ehrenhaus* factors because the "plaintiff is bound by the actions of her attorney." *Hopkins v. J.C. Penney Co.*, 227 F.R.D. 347, 353 (D. Kan. 2004); *see also Gripe v. City of Enid, Okl.*, 312 F.3d 1184, 1187–89 (10th Cir. 2002).

[41] ECF 68, Order Denying Plaintiffs' Motion for Relief, at 7–8.

own timely disclosures, and the District's motion asking to extend discovery because of Plaintiffs' failure. Even though the District is not required to independently request these disclosures, and dismissal is still warranted without such reminders, the District attempted to prompt Plaintiffs on its discovery obligations anyway. *See Park Cityz Realty, LLC v. Archos Cap.*, LLC, No. 2:20-CV-00522-JCB, 2021 WL 4991717, at *7–8 (D. Utah Oct. 27, 2021) (unpublished) (rejecting the argument that the defendants were obligated to take actions to cure the plaintiff's deficient discovery where the failure was the lack of initial disclosures); *Burgi*, 2021 WL 734948, at *6 (rejecting the argument that the defendants were required to follow local rule DUCivR 37-1 in this situation because "there is no dispute that Plaintiff was required to provide initial disclosures under Rule 26" since these disclosures are "mandatory"). Plaintiffs chose to ignore these requests and reminders. Because Plaintiffs were adequately warned both of their failure to provide disclosures, and that failing to follow court rules may lead to dismissal of their claims, this factor favors dismissal.

Fifth, the efficacy of lesser sanctions also favors dismissal. For this fifth factor, "the court should consider whether the lesser sanction would remedy the harm to the opposing party and the judicial process, whether it would deter future misconduct by the offending party and future litigants, and whether it would appropriately punish the offending party." *Burgi*, 2021 WL 734948, at *6 (cleaned up). Plaintiffs received similar sanctions earlier in this case—the dismissal of other causes of action and defendants— and this sanction did not deter future misconduct. Since a similar prior sanction did not

deter Plaintiffs' continued neglect of court rules, it is highly unlikely that a lesser sanction would be successful. And since fact discovery has already closed,[42] and the only way to rectify Plaintiffs' failures would be to reopen fact discovery and substantially prolong this case, the prejudice to the District would not be rectified by any lesser sanction. Moreover, because of the egregious neglect of Plaintiffs' discovery obligations and this proceeding as a whole, combined with the previous warnings to Plaintiffs, dismissal is an appropriate sanction in this circumstance and is necessary to deter future litigants from similar actions.

In Plaintiffs' response and at oral argument, they did not substantially engage with the *Ehrenhaus* factors and Federal Rules of Civil Procedure as they apply to the District's motion. Plaintiffs provided essentially no caselaw, did not try to distinguish the caselaw provided by the District, failed to respond to any of the factual assertions presented in the District's motion, and did not offer reasonable explanations for their failures or alternative paths forward. Based on the court's own examination of the *Ehrenhaus* factors, in conjunction with the Rules of Civil Procedure, and for the reasons stated above, the court concludes that dismissal with prejudice is the only appropriate sanction under Rule 37.

---

[42] In Plaintiffs' response, they argued that fact discovery had not closed and is still open. Plaintiffs did not advance this argument at oral argument. The argument has no merit where the orders in this case clearly reflect that fact discovery closed on August 6, 2024. *See* ECF 85.

**II.     Rule 41(b) Dismissal.**

Dismissal is also warranted in this case for failure to prosecute. "Federal Rule of Civil Procedure 41(b) authorizes the involuntary dismissal of an action if the plaintiff fails to prosecute or to comply with the Federal Rules of Civil Procedure or a court order." *Banks v. Katzenmeyer*, 680 F. App'x 721, 723–24 (10th Cir. 2017) (unpublished) (cleaned up). Dismissal for failure to prosecute is a "highly deferential standard" where the district court has considerable discretion. *Id.* When a case may merit dismissal with prejudice under Rule 41(b) a court should consider the *Ehrenhaus* factors. *Id.* at 724; *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009).

A plaintiff fails to prosecute its claim when they refuse to meaningfully participate in the discovery process and move forward their case. *See Whatcott v. City of Provo*, 231 F.R.D. 627, 632 (D. Utah 2005), *aff'd*, 171 F. App'x 733 (10th Cir. 2006); *Hopkins v. J.C. Penney Co.*, 227 F.R.D. 347 (D. Kan. 2004). *Hopkins v. J.C. Penney Co.* involves similar facts to those at issue here. In *Hopkins*, the plaintiff similarly failed to provide Rule 26 disclosures, answer the defendant's written discovery request, and was generally uncooperative with defense counsel in advancing the litigation. 227 F.R.D. at 352. The court examined the *Ehrenhaus* factors and determined that the plaintiff's failures to cooperate in the litigation had prejudiced the defendant and caused significant interference with the judicial process. *Id.* at 352–53. In essence, "[p]laintiff's failure to file the mandatory Rule 26 disclosures, when combined with plaintiff's failure to respond to

written discovery, failure to communicate with defendant's counsel, and failure to provide relevant documents to defendant, has left defendant largely in the dark about all aspects of plaintiff's claims, plaintiff's witnesses, plaintiff's exhibits, and all other aspects of plaintiff's case." *Id.* While the plaintiff herself was not culpable, the court noted that she was bound by the actions—or inactions—of her counsel. *Id.* at 353. Finally, the court said that the plaintiff has been warned of the possibility of dismissal and that lesser sanctions would not be effective given her failure to comply with court orders. *Id.* at 353–54. Thus, the court found that the *Ehrenhaus* factors weighed against the plaintiff, and her case was dismissed. *Id.* at 354.

Like the plaintiff in *Hopkins*, Plaintiffs have failed to prosecute their case. Plaintiffs have still not provided any initial disclosures, despite more than a year passing since they were initially due. The District has requested these disclosures multiple times, yet Plaintiffs have largely ignored those requests. The District requested some of this information through written discovery, yet Plaintiffs ignored the written discovery requests as well. Even after the District extended discovery by four months, because of Plaintiffs' failure to provide Rule 26 disclosures, Plaintiffs still let the entirety of fact discovery pass without providing disclosures. This complete disregard for discovery rules and obligations, combined with the failure to meaningfully move their own case forward, warrants dismissal of Plaintiffs' claims under Rule 41(b). The same arguments above for the *Ehrenhaus* factors show that each factor warrants dismissal of Plaintiffs claims. *See Whatcott*, 231 F.R.D. at 631 (determining that dismissal is appropriate under both Rules

19

37 and 41). Plaintiffs' delays have wasted the District's and the court's time and resources. Where each *Ehrenhaus* factor shows that dismissal is warranted, and Plaintiffs' conduct amounts to bad faith, dismissal is appropriate under Rule 41(b) along with Rule 37.

## CONCLUSION

For the reasons stated above, and those stated in the District's Motion for Summary Judgment and Reply Memorandum, and those stated at oral argument, the District's Motion is hereby GRANTED. Plaintiffs' causes of action against the District are hereby DISMISSED with prejudice.

DATED this 31st day of March 2025.

BY THE COURT:

DALE A. KIMBALL
United States District Judge